IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL NO. 5:15-cv-00034-B0

| | |
|---|---|
| CHRISTOPHER JENKINS,<br>on behalf of himself and all others<br>similarly situated,<br><br>               Plaintiff,<br>vs.<br><br>THE MOSES H. CONE MEMORIAL<br>HEALTH SERVICES CORPORATION;<br>THE MOSES H. CONE MEMORIAL<br>HOSPITAL, INCORPORATED; THE<br>MOSES H. CONE MEMORIAL<br>HOSPITAL; THE MOSES H. CONE<br>MEMORIAL HOSPITAL OPERATING<br>CORPORATION; AVECTUS<br>HEALTHCARE SOLUTIONS, LLC,<br><br>               Defendants. | |

**DEFENDANT AVECTUS HEALTHCARE SOLUTIONS, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND JOINDER IN THE MOSES CONE
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Avectus Healthcare Solutions, LLC ("**Avectus**"), by and through its counsel, submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint. Avectus also hereby joins in the motion to dismiss that Defendants The Moses H. Cone Memorial Health Services Corporation, The Moses H. Cone Memorial Hospital, Incorporated, The Moses H. Cone Memorial Hospital, and The Moses H. Cone Memorial Hospital Operating Corporation's (hereinafter, "**Moses Cone**" or the "**Moses Cone Defendants**") filed (the "Moses Cone Motion") [*See* Dkt. No. 15].

For the reasons set forth herein and in the memorandum of law in support of the Moses Cone Motion, the Court should dismiss Plaintiff's Complaint against Avectus.

I. **Plaintiff's State Law Claims Are Preempted By ERISA.**

As discussed in in the memorandum of law in support of the Moses Cone Motion, dismissal of Plaintiff's claims is appropriate because Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The ten (10) causes of action alleged in Plaintiff's Complaint are integrally related to the provisions of an employee healthcare benefit plan. Therefore, ERISA preempts Plaintiff's state law claims as espoused in his Complaint. Avectus incorporates by reference herein the factual statements and legal arguments that the Moses Cone Defendants raised in support of their motion to dismiss Plaintiff's Complaint.

II. **Plaintiff Also Fails To State A Claim Under The NCDCA.**

Plaintiff's entire Complaint turns upon Plaintiff's employee healthcare benefit plan and therefore should be dismissed on ERISA preemption grounds. The Court should also dismiss Plaintiff's claim against Avectus for alleged violations of the North Carolina Unfair Debt Collection Act ("NCDCA") for an additional reason. To state a claim under Section 75–54 of the NCDCA, Plaintiff must satisfy two steps: "[T]hree threshold determinations must be satisfied at step one: (1) the obligation owed must be a debt; (2) the one owing the obligation must be a consumer; and, (3) the one trying to collect the obligation must be a debt collector. Next, a plaintiff must make a showing of three generalized requirements of Section 75–1.1: (1) an unfair act (2) in or affecting commerce (3) proximately causing injury." *Orban v. Nationwide Tr. Servs., Inc.*, No. 5:12-CV-00016-RLV-DS, 2014 WL 6476235, at *8 (W.D.N.C. Nov. 19, 2014) (internal citations omitted); *see Costin v. Ally Bank Corp.*, No. 7:13-CV-113-BO, 2014 WL 130527, at *2 (E.D.N.C. Jan. 13, 2014) ("The NCDCA is part of the same chapter of the

North Carolina General Statutes as the UDTPA (Chapter 75), and accordingly '[a]n NCDCA claim also must meet the generalized requirements of UDTPA claims.'"). Therefore, a "mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75–1.1." *Id.* (quoting *Watson Elec. Const. Co. v. Summit Cos., LLC,* 160 N.C.App. 647, 587 S.E.2d 87, 95 (N.C.App.2003)).

Plaintiff alleges that Avectus violated Chapter 75 by "sending collection notices that contained misleading misstatements of fact and misrepresentations regarding the patient accounts with Defendant Moses Cone and, with respect to Avectus, other unnamed health care providers in addition to Moses Cone." (Compl. ¶ 88.) A violation of N.C. Gen. Stat. § 74-54(4), however, requires that a plaintiff allege that a defendant "[f]alsely represent[ed] the character, extent, or amount of a debt against [Plaintiff] or of its status ***in [a] legal proceeding*** . . . ." (emphasis supplied). As the court in *Key v. Dirty S. Custom Sound & Wheels* noted "[b]ecause plaintiff's [NCDCA] allegation . . . says nothing about a legal proceeding, plaintiff . . . failed to state a claim under section 74-54(4)." 2009 U.S. Dist. LEXIS 46907 at *4 (E.D.N.C. June 3, 2009). Similarly in this case, Plaintiff has not stated a claim and cannot sustain a claim for violation of the NCDCA against Avectus because Avectus made no representation, let alone a false representation, regarding debt in the context of a legal proceeding. *See In re Residential Capital, LLC*, No. 12-12020 (MG), 2014 WL 1410310, at *7-8 (Bankr. S.D.N.Y. Apr. 14, 2014) (applying North Carolina law) (explaining that "the purported false representation must occur 'in a legal proceeding'" under Chapter 75).

**III.     CONCLUSION**

For the reasons set forth herein and in the Moses Cone Motion, Avectus respectfully requests that the Court dismiss Plaintiff's claims because they are preempted by ERISA and dismiss Plaintiff's NCDCA claim for failure to state a claim under the statute.

This 2nd day of February, 2015.

        /s/     Amy E. Puckett
Dana C. Lumsden, Esq.
Amy E. Puckett, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Telephone: (704) 338-6000
Facsimile:  (704) 332-8858
dlumsden@babc.com
State Bar No. 32497
apuckett@babc.com
State Bar No. 43142
ATTORNEYS FOR DEFENDANT AVECTUS HEALTHCARE SOLUTIONS, LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that, on February 2, 2015, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND JOINDER IN MOTION TO DISMISS FILED BY DEFENDANT MOSES CONE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following addressees and that I also served copies of the document by placing copies of the document in the United States Mail, first-class postage prepaid to their mailing addresses.

| | |
|---|---|
| Mark A. Finkelstein, Esq.<br>William R. Forstner, Esq.<br>Rob Marcus, Esq.<br>Maureen Demarest Murray<br>SMITH MOORE LEATHERWOOD, LLP<br>434 Fayetteville Street, Suite 2800<br>Raleigh, NC 27601<br><br>ATTORNEYS for DEFENDANTS THE MOSES H. CONE MEMORIAL HEALTH SERVICES CORPORATION, THE MOSES H. CONE MEMORIAL HOSPITAL, INCORPORATED, THE MOSES H. CONE MEMORIAL HOSPITAL, and THE MOSES H. CONE MEMORIAL HOSPITAL OPERATING CORPORATION | J. Michael Malone, Esq.<br>HENDREN & MALONE, PLLC<br>4600 Marriott Drive, Suite 150<br>Raleigh, NC 27612<br><br>Robert E. Fields III, Esq.<br>Oak City Law LLP<br>702 North Blount Street<br>Raleigh, NC 27604<br><br>ATTORNEYS for PLAINTIFF |

　　　　　　　　　　　　　　　　　　　　　/s/Amy E. Puckett