IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-34-FL

| | |
|---|---|
| CHRISTOPHER JENKINS, on behalf of himself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) THE MOSES H. CONE MEMORIAL HEALTH SERVICES CORPORATION; THE MOSES H. COME MEMORIAL HOSPITAL; THE MOSES H. CONE MEMORIAL HOSPITAL OPERATION CORPORATION; THE MOSES H. CONE MEMORIAL HOSPITAL INCORPORATED; and AVECTUS HEALTHCARE SOLUTIONS, LLC, ) ) ) ) ) ) ) ) ) ) ) ) ) ) Defendants. ) | INITIAL ORDER REGARDING PLANNING AND SCHEDULING |

This case has been assigned to the docket of Judge Louise W. Flanagan. Pursuant to Federal Rule of Civil Procedure 26(f), the court sets the following deadlines and requirements for conference activities, initial disclosures, and for submission of the parties' joint status report and proposed plan for discovery.

**I.     Rule 26(f) Conference**

**Unless good cause is shown in request for exemption or stay, and the court orders otherwise, the Rule 26(f) conference must occur on or before 21 days from entry of this order.** The parties are jointly responsible for arranging the conference, which shall involve counsel for each

represented party and all unrepresented parties, and for attempting in good faith to agree on a proposed plan for completion of discovery, filing of motions, pretrial and trial activities, and other matters addressed in this order.[1]

## II.     Initial Disclosures

**Mandatory initial disclosures required by Rule 26(a)(1) must be made within 14 days after the Rule 26(f) conference**, unless (a) a different time is set by stipulation of parties or court order, or (b) a party objects during the Rule 26(f) conference and states the objection and the response thereto in the report and plan filed with the court.  Absent a stipulation or court order, any party first served or otherwise joined after the conference must make these disclosures within 30 days after being served or joined.  Failure to disclose information required by Rule 26(a) or 26(e)(1) may subject the offending party or parties to sanctions pursuant to Rule 37.  In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties may agree that, without any need for formal requests for production, copies of the various documents and/or electronically stored information described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by a date certain.

## III.    Joint Report and Plan

**The report and plan shall be filed with the court within 14 days after the conference**. The report and plan shall inform of the date on which the Rule 26(f) conference took place, and persons participating therein. The following must be considered at the Rule 26(f) conference and included in the report and plan:

---

[1]In matters involving patent claims the parties shall address at the Rule 26(f) conference those issues raised by Local Patent Rule 302.1(a).

A. Discussion of the nature and complexity of the case.[2] This shall be presented in the form of a brief statement which contains information from all parties and presents their respective positions including:

1. The asserted basis for the court's subject matter jurisdiction;

2. The most important or key factual issues and legal issues that are believed to be involved in the case; and

3. A breakdown of damages sought.

B. Specific information concerning the parties' plan for proposed discovery, including:[3]

1. The subjects on which discovery may be needed;

2. Whether discovery shall be conducted in phases and/or limited to or focused upon particular issues;

3. The categories of discovery to be utilized by the parties, and proposed limitations. Where any proposed limitation is different from that imposed by the Federal Rules of Civil Procedure and/or the court's Local Rules, specific reason therefor shall be set forth;

---

[2] Routine cases generally subscribe to a track which permits disposition within twelve (12) to fourteen (14) months after the filing of the complaint, where parties are joined within two months after conference, any amendments to pleadings as of right or subject to motion are made within two months, initial motions to dismiss are made within three months after conference, all discovery is completed within six to eight months after conference, and dispositive motions filed within one month after the close of discovery, also in accordance with Local Civil Rule 7.1(a). A complex case subscribes to an extended track, taking into consideration large numbers of parties, large numbers of claims and defenses, highly technical issues and proof, multiple experts, greater than normal amounts of documents and evidence, and/or necessity for an extended period of discovery. A complex case contemplates trial within sixteen (16) to eighteen (18) months of the filing of the complaint.

[3] In matters involving patent claims, the parties shall also include in their Joint Report and Plan all issues and scheduling matters raised by the Local Patent Rules. Specifically, the parties shall include dates by which the various disclosures and contentions required to be filed by the Local Patent Rules shall be submitted or exchanged. If the parties seek any alteration in the deadlines established by the Local Patent Rules, they shall include such requested alterations in their joint report.

4. Whether there are any issues relating to disclosure or discovery of electronically stored information, including issues as to the form(s) in which such information shall be produced;

5. Whether there are any issues relating to claims of privilege or protection as trial-preparation material;

6. The date on which all discovery shall be concluded (not the last date of issuance; rather, this date sets the discovery bar date); and

7. Whether any particular discovery problems are anticipated.

C. Proposed deadlines in addition to the deadline for discovery mentioned above, including for:

1. Disclosure of expert witness information where appropriate;

2. Joining additional parties;

3. Amending pleadings; and

4. Filing of all motions, including preliminary and dispositive ones (except motions in limine). The court shall be advised whether there are preliminary matter(s) which may require early disposition.

D. The possibility of settlement and the parties' information concerning which ADR method (mediation, arbitration, summary trial, or other) is appropriate together with the proposed deadline for its completion. Local Civil Rule 101; see Local Civil Rules 101.1, 101.2, 101.3 for alternative ADR procedures.

1. Absent special considerations, a settlement procedure appropriate to a particular case shall be used in every civil action in advance of the final pretrial conference.

E. The parties' position on whether a magistrate judge may conduct all proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c) (including entry of final judgment, with any appeal directly to the Fourth Circuit Court of Appeals), and Local Rule 73.1. Answer Yes or No only. Where there is assent, this agreement shall require that each party through respective counsel and any party appearing <u>pro se</u> MUST sign the report and plan, as this constitutes the parties' consent to referral of the case to a full-time magistrate judge.

F. Whether either party requests that a Rule 16(b) FED. R. CIV. P., pretrial conference be scheduled in the case, prior to entry by the court of its case management order.

G. Absent request for a Rule 16(b) pretrial conference at this juncture in the case, a case management order shall be entered immediately after receipt and consideration of the parties' joint report and plan, and the issues raised in the pleadings. Case deadlines established among the terms of the order will not be altered by the court absent extenuating circumstances.[4]

H. If another case is pending of or relating to the instant matter, raising potential issues of consolidation or assignment, the report also shall provide notice of this. The

---

[4] Upon decision by the court on any dispositive motion, a trial date certain will be set by separate order entered after opportunity is accorded the parties to inform more particularly on trial scheduling. Said supplemental case management order will instruct also on pretrial procedures necessary to be followed in a bench or jury trial. Ordinarily, a final pretrial conference will be set approximately two weeks prior to the start of trial.

parties shall identify the other case(s), and provide their position as to whether consolidation of the actions is or may become appropriate, and/or whether assignment now of related cases to a single judge is likely to result in administrative efficiencies.

I. Any scheduling issue affecting counsel or a party. This report affords the opportunity to announce compelling personal or professional considerations, as appropriate, which may affect the scheduling or course of proceedings.

If the parties have made a good faith attempt to confer and submit a joint discovery plan, but have been unable to do so, the parties shall file separate plans within the allotted time period, each of which must include the parties' respective positions and information as would be included in a joint report.

SO ORDERED, this the 3rd day of February, 2015.

                                              */s/ Louise W. Flanagan*
                                              LOUISE W. FLANAGAN
                                              United States District Court Judge