IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-34-FL

| | |
|---|---|
| CHRISTOPHER JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE MOSES H. CONE MEMORIAL | ) |
| HEALTH SERVICES CORP.; THE | ) |
| MOSES H. CONE MEMORIAL | ) ORDER |
| HOSPITAL, INC.; THE MOSES H. CONE | ) |
| MEMORIAL HOSPITAL; THE MOSES H. | ) |
| CONE MEMORIAL HOSPITAL | ) |
| OPERATING CORP.; and AVECTUS | ) |
| HEALTHCARE SOLUTIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on motion for attorney fees (DE 48) of defendants The Moses H. Cone Memorial Health Services Corp., The Moses H. Cone Memorial Hospital, Inc., The Moses H. Cone Memorial Hospital, and The Moses H. Cone Memorial Hospital Operating Corp. (collectively, defendant "Moses Cone"), made pursuant to the North Carolina Unfair and Deceptive Practices Act ("UDPA"), N.C. Gen. Stat. § 75–1.1 et seq., specifically § 75–16.1., as well as the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq, specifically ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).[1] The issues raised have been briefed fully, and in this posture are ripe for ruling. For the reasons stated more particularly herein, defendant Moses Cone's motion is denied.

---

[1] Defendant Avectus Healthcare Solutions, LLC, ("Avectus") does not join in defendant Moses Cone's motion for attorney fees.

## BACKGROUND

On November 25, 2014, plaintiff filed this action, styled as a putative class action, against defendant Moses Cone, a hospital system located in Greensboro, Guilford County, North Carolina, in the Wake County, North Carolina, Superior Court. Plaintiff alleged common law claims for breach of contract, breach of fiduciary duty, constructive fraud, conversion, and tortious interference with contract, as well as statutory claims for violation of the UDPA, N.C. Gen. Stat. § 75–1.1 et seq., and North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 et seq., arising out of defendant Moses Cone's allegedly improper billing practices. Plaintiff sought, on behalf of himself and others similarly situated, damages, imposition of a constructive trust, and an injunction.

The court summarizes the facts pertinent to the instant motion as follows. Plaintiff was injured in a motor vehicle accident on October 17, 2013, and thereafter sought treatment from defendant Moses Cone. (Compl., DE 29-1, ¶¶10–11). The total charge generated for the services rendered to plaintiff by employees of defendant Moses Cone was approximately $1,034.00. (Id. ¶¶13, 39). At the time of his treatment, plaintiff was enrolled in an insurance program (the "Plan") funded by Blue Cross-Blue Shield of North Carolina ("BCBSNC"), and defendant Moses Cone was an "in-network" "Preferred Provider," pursuant to a third-party contract with BCBSNC, which obligated it to accept payments in the fixed amount of $150.00 (the "co-pay") for treatment rendered to plaintiff and other similar persons enrolled in the Plan. (Id. ¶¶17–29). At or near the time of treatment, plaintiff paid the required $150.00 co-pay and never was warned he may be liable for the remaining $884.00, purportedly to be covered by his enrollment in the Plan. (Id. ¶¶32–35).[2]

---

[2] Paragraph 32 alleges plaintiff paid the $150.00 co-pay on "October 18, 2012." However, where the other allegations in the complaint reference year 2013, the court will assume this reference to 2012 is a clerical error and treat it as such.

However, on November 7, 2013, plaintiff was billed by defendant Avectus, acting as debt collector for defendant Moses Cone, for the full amount of services rendered. (Id. ¶38).

On January 6, 2015, defendants were served with summons and complaint. (Notice of Removal, DE 1,¶1). On January 21, 2015, defendant Moses Cone, joined by defendant Avectus, timely removed the matter to this court pursuant to 28 U.S.C. §§ 1441 & 1446, asserting at least one of plaintiff's claims was "completely preempted" by ERISA § 502(a), 29 U.S.C. § 1132(a), and invoking this court's subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). Shortly thereafter, defendant Moses Cone filed a motion to dismiss plaintiff's state-law claims under Federal Rule of Civil Procedure 12(b)(6), arguing they failed to state a claim upon which relief could be granted because they "related to" ERISA's substantive provisions, and thus were preempted by ERISA § 514(a), 29 U.S.C. § 1144(a).[3]

On February 16, 2015, plaintiff filed with defendants' consent a motion to stay briefing on defendant Moses Cone's pending motion to dismiss. Contemporaneously therewith, plaintiff filed a motion to remand, arguing that the court lacked subject matter jurisdiction under ERISA. All parties participated in briefing the issues raised by plaintiff's motion to remand. That motion came ripe for decision and was submitted to the court on April 9, 2015. On April 22, 2015, plaintiff filed a notice of voluntary dismissal without prejudice, made pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

During the pendency of this case, a virtually identical matter was removed from the Wake County, North Carolina, Superior Court under 28 U.S.C. §§ 1441 & 1446 on the same basis. See

---

[3] Defendant Avectus also filed a motion to dismiss, (DE 24), which incorporated and supplemented defendant Moses Cone's motion. To facilitate understanding of the court's discussion, the court refers only to defendant Moses Cone's motion to dismiss, because, in all practical respects, defendant Avectus's own motion was identical.

generally Southern v. WakeMed, 5:15-CV-35-FL, slip op. (E.D.N.C. April 21, 2015). The parties in the Southern case were represented by the same counsel appearing in this litigation. Moreover, the facts alleged in the Southern complaint, as well as the legal theories asserted, were substantially identical to this case. In Southern, defendant WakeMed filed a motion to dismiss plaintiff's state-law claims under ERISA § 514(a). Thereafter the parties filed a consent motion to stay, and the plaintiff filed a motion to remand. In opposition to the Southern plaintiff's motion to remand defendant WakeMed raised arguments identical to those raised herein, principally that one of plaintiff's claims was "completely preempted" under ERISA §§ 502(a) & 514(a), 29 U.S.C. §§ 1132(a) & 1144(a). On April 21, 2015, the day before plaintiff in the instant matter filed his notice of voluntary dismissal, the court denied the Southern plaintiff's motion to remand, holding that ERISA completely preempted plaintiff's breach of contract claim. See Southern, 5:15-CV-35-FL, slip op., at *8–16.

Returning to the instant matter, defendant Moses Cone filed its motion for attorney fees on June 30, 2015. Therein, defendant argues it is entitled to attorney fees on two grounds. First, it argues that it is the "prevailing party" under the UDPA, N.C. Gen. Stat. § 75–16.1, and that plaintiff's UDPA claims were "frivolous and malicious." Defendant contends it "prevailed" in this case in light of the court's determination in Southern that the claims of the plaintiff in that case were preempted by ERISA. Defendant acknowledges there was no order in this case, but contends that plaintiff's voluntary dismissal without prejudice is sufficient success to be considered the "prevailing" party. Second, defendant Moses Cone asserts its entitlement to fees under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), similarly relying on the court's order in Southern. In particular,

4

defendant contends it achieved "some" success on the merits, where the court's order in <u>Southern</u> was a catalyst to plaintiff's voluntary dismissal without prejudice in the instant matter.

**COURT'S DISCUSSION**

A.   Attorney Fees under the UDPA

Defendant Moses Cone first argues for attorney fees under the UDPA. That statute allows the prevailing defendant to recover attorney fees where "[t]he party instituting the action knew, or should have known, the action was frivolous and malicious." N.C. Gen. Stat. § 75–16.1(2). Defendant Moses Cone argues plaintiff's claims were both frivolous and malicious for a number of reasons, including arguably running afoul of well established North Carolina case law exempting hospital billing for medical services from the ambit of the UDPA, as well as established case law exempting the particular types of conduct alleged by plaintiff to be unfair or deceptive from the ambit of that statute. Defendant Moses Cone assumes itself to be the "prevailing party" in this case, in light of the court's order in the <u>Southern</u> case. <u>See</u> No. 5:15-CV-35-FL.

Defendant is not the "prevailing party," as that term is defined by North Carolina law. In reaching this conclusion the court relies on its order in <u>Southern</u> as if it had been entered in this case. Even on that assumption, defendant is not entitled to attorney fees.

Useful interpretation of the UDPA's attorney fees provision is sparse, and the court has found no North Carolina Supreme Court case addressing the phrase "prevailing party" in the context presented here. Where North Carolina's Supreme Court has not ruled on this point, it is this court's obligation to "attempt to divine what that court would do were it faced with this question." <u>Teague v. Bakker</u>, 35 F.3d 978, 991 (4th Cir. 1994). In making that predictive decision, it is appropriate to consider the opinion of the North Carolina Court of Appeals. <u>Ellis v. La.-Pac. Corp.</u>, 699 F.3d 778,

5

783 (4th Cir. 2012). That court has looked to federal jurisprudence for the proper interpretation of "prevailing party." See, e.g., Free Spirit Aviation, Inc. v. Rutherford Airport Auth., 206 N.C. App. 192, 202 (2010) (citing Smith v. Univ. of N.C., 632 F.2d 316, 352 (4th Cir. 1980)); H.B.S. Contractors v. Cumberland Cnty. Bd. of Educ., 122 N.C. App. 49, 57 (1996).

The term prevailing party is a term of art and should be given a uniform interpretation. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001); Griggs v. E.I. DuPont de Nemours & Co., 385 F.3d 440, 454 (4th Cir. 2009). A party "prevails" where the litigation results in a "material alteration in the legal relationship of the parties" accompanied by the "necessary judicial imprimatur." Buckhannon, 532 U.S. at 605. By contrast, a party does not "prevail" if its actions merely serve as the catalyst for the relief sought. For example, there is no "prevailing" party where a lawsuit brings about voluntary change in the opposing party's conduct, even where that change is the relief ultimately sought. See id. Plaintiff's voluntary dismissal without prejudice, while arguably indicative of plaintiff's appraisal of the merits of his claim, does not achieve the necessary "material alteration" in the parties' relationship necessary to bestow upon defendant Moses Cone "prevailing party" status. A voluntary dismissal without prejudice is "more like a draw" than a victory on the merits, leaving defendant Moses Cone vulnerable to future litigation. Best Indus., Inc. v. CIS BIO Int'l Inc., No. 97-1217, 1998 WL 39383, at *4 (4th Cir. Feb. 2, 1998); accord Cadkin v. Loose, 569 F.3d 1142, 1148 (9th Cir. 2009) (overruling prior precedent to the contrary in light of Buckhannon); Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1076 (7th Cir. 1987). Nor was the dismissal in this case accompanied by the "necessary judicial imprimatur," where no court order followed dismissal.

6

In its reply to plaintiff's response in opposition, the first time defendant Moses Cone asserts itself to be the "prevailing party," it cites only two cases in support of its position. See Cantrell v. Int'l Bd. of Elec. Workers, 69 F.3d 456, 458 (10th Cir. 1995) (en banc); United States v. Gardner, 23 F. Supp. 2d 1283, 1291 (N.D. Okla. 1998). In Cantrell, the Tenth Circuit held that a voluntary dismissal with or without prejudice made available to the defendant, as the "prevailing party," costs under Federal Rule of Civil Procedure 54(b). 69 F.3d at 458. However, Cantrell and its progeny are inapposite.

With due respect to the Tenth Circuit, it is unclear whether, or how, Cantrell's blessing of costs awards to a defendant, as the "prevailing party," and in situations where the plaintiff voluntarily dismissed its claim without prejudice, survived the Supreme Court's decision in Buckhannon. In Buckhannon the Supreme Court made abundantly clear two principles. First, "prevailing party" is a term of art to be interpreted consistently across various statutes. 532 U.S. at 603. And, second, that the "prevailing party" must receive some sort of vindication on the merits of its claim. Id. at 605. A voluntary dismissal without prejudice offers no relief on the merits. Szabo, 823 F.2d at 1076. Courts addressing the issue since Buckhannon have recognized that fact. For example, the Ninth Circuit, which the Fourth Circuit previously identified as the author of the "leading case" in support of defendant's position, Best Indus., 1998 WL 39383, at *4, recently reversed its position. See, Cadkin, 569 F.3d at 1148, overruling Corcoran v. Columbia Broad. Sys., 121 F.2d 575, 576 (9th Cir. 1941). In Cadkin, the Ninth Circuit noted its Corcoran opinion interpreted "prevailing party" by focusing on considerations rendered immaterial in light of Buckhannon, specifically "the expense the defendants incurred [in contesting the litigation]." Id. Defendant Moses Cone also focuses on that immaterial consideration.

7

In addition, Cantrell addresses costs under Rule 54(d) only, not attorney fees. Previously, some courts, including the Fourth Circuit, suggested that dismissal notwithstanding the looming possibility of future litigation rendered defendant the "prevailing party" under Rule 54(d), see Kollsman v. Cohen, 996 F.2d 702, 706 (4th Cir. 1993); First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985). Historically, this lesser standard was not applied to awards of attorney fees. See 10 Moore's Federal Practice § 54.101 nn.31–33.02 & accompanying text. Recently, courts have moved toward a unified standard for both costs and attorney fees, tracking closely the standard articulated in Buckhannon. See Dattner v. Conagra Foods, Inc., 458 F.3d 98, 103 (2d Cir. 2006); Sequa Corp. v. Cooper, 245 F.3d 1036, 1038 (8th Cir. 2001); Citizens for a Better Env't v. Steel Co., 230 F.3d 923, 929–30 (7th Cir. 2000); Best Indus., 1998 WL 39383, at *4 (discussing Kollman as dicta inasmuch as it purported to allow recovery of costs after a voluntary dismissal without prejudice); see also Moore's, supra (discussing changes). In light of this clear and overwhelming shift in federal precedent, the court predicts that North Carolina's Supreme Court would not view defendant Moses Cone as the "prevailing party" in this litigation and accordingly denies attorney fees.

Defendant Moses Cone also argues that, although North Carolina's Supreme Court has not interpreted the "prevailing party" requirement of § 75–16.1, it has interpreted favorably a similar statute, N.C. Gen. Stat. § 6–21.5, citing Bryson v. Sullivan, 330 N.C. 644 (1992). Section 6–21.5 provides, in relevant part, that "[i]n any civil action . . . the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of justiciable issue of either law or fact raised by the losing party in any pleading." N.C. Gen. Stat. § 6–21.5. In Bryson, the North Carolina Supreme Court held that §

8

6–21.5 allowed recovery of attorney fees where the plaintiff voluntarily dismissed its claim with prejudice. 330 N.C. at 664–65. The court then went on to state that "even if the dismissal had been without prejudice, [defendant] still would have been the prevailing party." Id.

The statute and case propounded by defendant do not alter the result here. As an initial matter, several North Carolina Court of Appeals decisions have either held or suggested that a voluntary dismissal without prejudice is insufficient to render defendant the "prevailing party" under the statute at issue here. See Evans v. Full Circle Prods., 114 N.C. App. 777, 781–82 (1994) (holding no attorney fees under § 75–16.1 where case is settled pursuant to N.C. Rule of Civil Procedure 68 because "both parties may consider themselves prevailing parties"); Kohn v. Mug-A-Bug, 94 N.C. App. 594, 596–97 (1989) (addressing both N.C. Gen. Stat. § 6–21.5 and § 75–16.1), overruled on other grounds Bryson, 330 N.C. 644 (overruling as to § 6–21.5).[4] In any event, the statute also is inapposite to the circumstances presented here as a textual matter. The North Carolina Court of Appeals has highlighted the fact that § 6–21.5 taxes attorney fees against "the losing party in any pleading," rather than the party that actually loses the case. See Persis Nova Const., Inc. v. Edwards, 195 N.C. App. 55, 66 (2009). "Prevailing party" also must be read with that qualification. See id. ("In other words, a 'prevailing party,' as used in Section 6–21.5, is a party who prevails on a claim or issue in an action, not a party who prevails in the action."); see also Rhyne v. K-Mart Corp., 358 N.C. 160, 188 (2004) ("[W]e construe statutes in pari materia, giving effect, if possible, to every provision."). Moreover, that reading is bolstered as a matter of policy. The purpose of § 6–21.5 is to discourage frivolous litigation, and thus allow an award of fees, at any stage of the case. See id.; Short v. Bryant, 97 N.C. App. 327, 329 (1990). By contrast, "[t]he purpose of . . . [§

---

[4] See also generally, Noel L. Allen, N.C. Unfair Business Practice § 11.06 (3d ed. 2015).

9

75–16.1] is to encourage private enforcement of [the UDPA]." United Labs., Inc. v. Kuykendall, 335 N.C. 183, 192 (1993); accord Shepard v. Bonita Vista Props., L.P., 191 N.C. App. 614, 625 (2008). Thus, the purpose of § 75–16.1 is more in line with the purpose of many federal fee shifting statutes, see, e.g., Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978) (purpose of Title VII fee shifting provision is "to promote the vigorous enforcement" of the statute), which now employ the definition of "prevailing party" applied in Buckhannon.

B.      Attorney Fees under ERISA

Defendant Moses Cone next argues it is entitled to attorney fees under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(2). That statute authorizes the district court to award attorney fees, in its discretion, in "any [ERISA] action . . . by a participant, beneficiary, or fiduciary." ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). The Fourth Circuit has articulated a two-prong test to guide a district court's discretion. First, the party seeking fees must have "achieved some degree of success on the merits." Williams v. Metro. Life Ins. Co., 609 F.3d 622, 634–35 (4th Cir. 2010). Next, that party must be entitled to fees under the five factors outlined in Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1029 (4th Cir. 1993). 609 F.3d at 634–35. Defendant did not achieve "some success on the merits" and thus is not entitled to fees.

1.      Defendant Moses Cone Did Not Achieve Any Success on the Merits

An award of fees under ERISA requires only "some" success on the merits, a standard much lower than that applied in fee shifting statutes calling for a "prevailing party." See Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252 (2010); Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983). To demonstrate its entitlement to attorney fees, the movant only must show that its actions were a catalyst to the beneficial merits-based result. See Ohio River Valley Envt'l Coalition, Inc.

10

v. Green Valley Coal Co., 511 F.3d 407, 415 (4th Cir. 2007) (applying the "catalyst theory" to a similar attorney fees statute); Feldman's Med. Ctr. Pharm., Inc. v. CareFirst, Inc., 898 F. Supp. 2d 883, 906–07 (D. Md. 2012) (applying "catalyst theory" under ERISA). "However, the movant is not entitled to fees where it achieves only "trivial success on the merits," or a "purely procedural victor[y]." Ruckelshaus, 463 U.S. at 688 n.9.

Once again, the court assumes that the order in the Southern case was entered in this case. Even under that assumption, however, defendant Moses Cone's actions did not serve as a catalyst to any success on the merits of plaintiff's ERISA claim. To analyze properly defendant's motion, plaintiff's claims must be considered in two groups. The first group consists entirely of plaintiff's breach of contract/breach of plan claim. Plaintiff's breach of contract claim was completely preempted under ERISA § 502(a), which creates a federal cause of action. See Southern, 5:15-CV-35-FL, slip op., at *8–16; see also ERISA § 502(a) & 514(a), 29 U.S.C. § 1132(a) & 1144(a); Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 187 (4th Cir. 2002). The fact plaintiff voluntarily dismissed this claim, at best, is a purely procedural victory. Defendant Moses Cone has achieved no modicum of success on the merits, but, rather, awaits a second law suit.

Moreover, defendant Moses Cone cannot consider itself to have achieved any success on the merits simply because the court determined its jurisdiction. While defendant may have persuaded the court as to the merits of its particular argument in favor of exercising jurisdiction, the merits of plaintiff's breach of contract claim, as preempted by ERISA § 502(a), still were yet to be determined at the time the suit was dismissed.

Nevertheless, defendant Moses Cone suggests that, because the court's preemption analysis provided a "tentative analysis of [plaintiff's] legal claim[]" for damages, it achieved "some success

11

on the merits" of plaintiff's ERISA claim, citing Scarangella v. Group Health, Inc., 731 F.3d 146 (2d Cir. 2013). In Scarangella, the court held that the district court's dismissal of a claim for damages as legally unfounded was tantamount to a dismissal on the merits under Federal Rule of Civil Procedure 12(b)(6), thus entitling defendant to attorney fees under ERISA § 502(g)(1), 29 U.S.C. § 1132. 731 F.3d at 153. In essence, defendant Moses Cone argues that, because the court held plaintiff's breach of contract claim preempted by ERISA, it has "prevailed" to the extent plaintiff sought to recover legal damages because the applicable section of ERISA, § 502(a)(3), allows only equitable relief.

Defendant's reliance on Scarangella is unavailing. Although defendant Moses Cone's success in defending against plaintiff's motion to remand could be characterized as a successful defense of plaintiff's claim for legal damages "on the merits," that conception of the court's order and its effect on the litigation undermines the plain language of ERISA § 502(a) & (g). Section 502(g) allows courts to award attorney fees for "any action under [§ 502]." ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). Section 502(a)(3), the section on which this court relied in the Southern case to hold plaintiff's breach of contract claim preempted, explicitly authorizes only "action[s] . . . to obtain . . . appropriate equitable relief." ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Thus, attorney fees are not recoverable where the only "success" in defending against a § 503(a)(3) claim is obtaining a ruling that plaintiff may not recover legal damages, because a claim for legal damages is not an "action" that permissibly can be brought "under" § 502(a)(3).

In any event, even if the court's order on plaintiff's motion to remand was a "success" for defendant Moses Cone, such success was trivial. Attorney fees are not available under ERISA § 502(g)(1) for "trivial success." Hardt, 560 U.S. at 255. Courts have provided little in the way of

12

a positive definition for "trivial success." Regardless, where a legal damages claim is foreclosed by the plain language of the statute, see ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and by well established precedent, see, e.g., Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993); Griggs, 385 F.3d at 443–44, the defense of such an obviously meritless claim, at best, may be characterized only as trivial. Accordingly, and in the alternative, even if defendant Moses Cone has achieved any success in its defense of plaintiff's breach of contract claim, as preempted by ERISA § 502(a)(3), on the ground that a damages request is preempted by ERISA, such success does not warrant attorney fees because it is trivial.

The second group of claims requiring analysis consists of plaintiff's other claims for statutory violations of the UDPA and NCDCA, as well as common law claims for breach of fiduciary duty, constructive fraud, unjust enrichment, conversion, and injunctive relief. Defendant Moses Cone did not achieve any "success on the merits" of these claims as is required for an award of attorney fees. The court never determined that these claims were preempted by ERISA § 502. Rather, in Southern the court held that only plaintiff's breach of contract claim was preempted under § 502, investing the court with federal question jurisdiction. See Southern, 5:15-CV-34-FL, slip op., at *8–16. Although the court never has addressed ERISA's preemptive effect on these claims, assuming it had, defendant still would not have achieved any success on the merits.

First, assuming plaintiff's remaining claims were preempted under § 502(a), defendant has not achieved any success on the merits for the reasons discussed above. Defendant achieved, at most, trivial success on the merits. In the alternative, assuming these remaining claims were preempted by § 514(a) only, defendant still has not achieved the required success on the merits of an ERISA claim to enable the court to award fees. ERISA § 514(a), 29 U.S.C. § 1144(a), "does not

13

convert a state claim into an action arising under federal law," but, rather, operates as a defense to any state claim that conflicts with the ERISA claim. Darcangelo, 292 F.3d at 187. Thus, if plaintiff's remaining claims had been preempted by § 514, defendant would have succeeded only on plaintiff's <u>state</u> claim, not any ERISA claim.[5] ERISA § 502(g)(1), however, only allows an award of fees for success in suits brought under ERISA, not those where ERISA operates as a defense. See ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee."). Accordingly, the court does not have discretion to award fees here and, assuming it did, for the reasons stated below, would decline to do so.

2. The Quesinberry Factors Do Not Weight in Favor of an Award of Fees

Assuming that the court has discretion to award fees, the Quesinberry factors still weigh against awarding any fees. In Quesinberry v. Life Insurance Company of North America, the Fourth Circuit outlined five factors that guide a district court's exercise of its discretion to award attorney fees in ERISA cases. 987 F.2d at 1029. Specifically, the court is to consider: 1) the degree of the opposing party's culpability or bad faith, 2) ability of the opposing party to satisfy an award of attorneys' fees, 3) whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances, 4) whether the movant sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and 5) the relative merits of the parties' positions. Id. These factors are not a "rigid test," but more

---

[5] However, were plaintiff took a voluntary dismissal, defendant did not successfully defend any of plaintiff's state law claims such that it fairly could be considered a "prevailing party" for purposes of N.C. Gen. Stat. § 75–16.1. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001).

14

appropriately are considered as "general guidelines" to facilitate the exercise of the court's discretion. Id.

Plaintiff's conduct was neither culpable nor in bad faith. Culpable conduct is "more than mere negligence or error." Carolina Care Plan, Inc. v. McKenzie, 467 F.3d 383, 390 (4th Cir. 2006) (internal quotations omitted), abrogated on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). "Bad faith connotes serious misconduct, deliberately and intentionally engaged in, for the purpose of harming another or advancing one's self-interest." Clark v. Metro. Life Ins. Co., 384 F. Supp. 2d 894, 898 (E.D. Va. 2005). Defendant Moses Cone has never asserted, and the court has never held, that plaintiff's ERISA § 502(a)(3) claim is unfounded as a matter of law. In fact, there was no briefing as to the strength of plaintiff's pending equitable claim. Moreover, and with respect to plaintiff's suit as a whole, even though the court, in Southern, ultimately concluded plaintiff's breach of contract claim was preempted by ERISA, the parties' extensive briefing on the matter indicates that the appropriate resolution of the jurisdictional issue was far from clear. In addition, the record does not show that plaintiff himself engaged in any bad faith or culpable conduct. Cf. McKenzie, 467 F.3d at 390–91 (reviewing conduct of plan administrator); Denzler v. Questech, Inc., 80 F.3d 97, 104 (4th Cir. 1996) (awarding fees where the plan administrator paid plan beneficiary a lesser benefit not authorized under the plan). Thus, this factor weighs against an award of fees.

The second factor instructs the court to consider the ability of the non-moving party to satisfy an award of attorney fees, and to balance that party's ability to pay with the hardship to be imposed on the moving party if an award of fees is denied. See Reinking v. Phila. Am. Life Ins. Co., 910 F.2d 1210, 1218 (4th Cir. 1993) ("The second factor, however, weighs in favor of awarding fees because [defendant] could easily afford to satisfy an award while the fees would lace a substantial

15

hardship on [plaintiff]."), abrogated on other grounds by Quesinberry, 987 F.2d 1017; Am. Med. Sec., Inc. v. Larsen, 31 F. Supp. 2d 502, 506 (D. Md. 1998). Defendant Moses Cone does not address its ability to pay, and instead focuses on the counterfactual, specifically what would occur if the court had not exercised federal question jurisdiction, likely preempting plaintiff's state law claims under ERISA § 514(a). Given the size discrepancy between defendant Moses Cone, a self described health "system," and plaintiff, a 23-year-old student, this factor weighs against taxing fees against plaintiff.

Third, there is little need for deterrence. This factor weighs in favor of an award when the fee assessed will deter a party's future bad faith. See Wheeler v. Dynamic Eng'g, Inc., 62 F.3d 634, 641 (4th Cir. 1995); Reinking, 910 F.2d at 1218 (noting award of fees would force plan administrator to "accept reasonable interpretations" of the plan in the future, thus avoiding the conduct giving rise to litigation). Defendant Moses Cone does not argue plaintiff's ERISA claim was asserted in bad faith. Rather, defendant couches its arguments only in terms of the legal theories likely rendered preempted by the court's decision in Southern. There is no indication plaintiff engaged in any conduct worthy or deterrence. This factor weighs against an award of fees.

Defendant contests this conclusion, arguing that plaintiff's Rule 41(a) dismissal amounts to a "manipulation of the legal system," because plaintiff "predicted he would lose based upon the order entered in the Southern case." (Def.'s Br., DE 49, 17). Defendant's characterization of plaintiff's exercise of his right to voluntarily dismiss the complaint "before the opposing party serves either an answer or motion for summary judgment" is troubling. Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41, when read together with Rule 12(b)(6), contemplates the very course of action plaintiff took in this case, dismissing a complaint in response to a motion to dismiss to correct deficiencies. In

16

addition, defendant boldly assumes plaintiff dismissed his claim "because . . . he would lose," ignoring the panoply of other reasons plaintiff might have dismissed his case, wholly apart from its merits.

Fourth, the court should examine whether defendant sought to answer a "significant legal question regarding ERISA itself." This factor weighs in favor of an award where the defendant clarifies the nature and scope of the rights and obligations imposed by ERISA. Cf. Matlock v. Pitney-Bowes, Inc., 811 F. Supp. 2d 1186, 1191–92 (M.D.N.C. 2011) (holding fourth factor weighs against fee award where defendants only sought to defend decision on the merits); Snead v. UNUM Life Ins. Co., 824 F. Supp. 69, 75 (E.D. Va. 1993) (awarding fees where resolution of significant question would assist in determination of future cases on the merits). Here, the court's only ruling addressed its jurisdiction. Defendant's successful defense of plaintiff's motion to remand has no bearing on the merits determination of future ERISA claims. This factor also weighs against an award of fees.

Finally, the court must examine the relative merits of the parties' positions. Here, although defendant successfully argued in favor of this court's exercise of jurisdiction, it never actually defended the merits of plaintiff's ERISA claim. Defendant only speculates that plaintiff dismissed his complaint in view of a looming negative decision on the merits. Given the absence of any decision as to the merits, this factor weighs neither for nor against an award of fees. In any event, even assuming this factor weighed in favor of fees, where the court has concluded the remaining four factors weigh against such award, the court would deny defendant's motion.

In sum, defendant Moses Cone's request for attorney fees under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1) fails. Defendant Moses Cone did not achieve any success on the merits, or, at

17

best, achieved mere "trivial" success.  In particular, defendant only persuaded the court to exercise its jurisdiction.  Such procedural posturing does not amount to success on the "merits."  Moreover, to the extent defendant contends it achieved "some" success on plaintiff's breach of contract claim, inasmuch as plaintiff sought legal damages, that argument also is unavailing.  Legal damages are not available under ERISA § 502(a)(3).  Thus, even assuming the court dismissed such a claim as legally unfounded, defendant is not entitled to fees under § 502(g), because a claim for legal damages cannot be brought "under" ERISA § 502(a)(3).  In any event, even assuming defendant had achieved some non-trivial success on the merits, its request for attorney fees fails where, in the court's discretion, the Quesinberry factors weigh heavily against such an award.

## CONCLUSION

Based on the foregoing, defendant Moses Cone's motion for attorney fees (DE 48), made under both the UDPA and ERISA is DENIED.

SO ORDERED, this the 23rd day of October, 2015.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge

18